JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
JUSTIN K PASKETT, IDAHO STATE BAR NO. 9066
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
801 E. SHERMAN AVE SUITE 192
POCATELLO, ID 83201
TELEPHONE: (208) 478-4166
FACSIMILE:  (208) 478-4175

**U.S. COURTS**

AUG 27 2024

Rcvd_____Filed_CK__Time_1:25pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD MICHAEL KULOW, ANDREA MAY MAJOR, LAVOY LINTON EBORN.<br><br>Defendants. | Case No. **CR-24-00200E-BLW**<br>**INDICTMENT**<br><br>18 U.S.C. § 371<br>16 U.S.C. §§ 3372(a)(1), 3372(a)(2)(A), 3372(d)(2), 3373(d)(1)(B), 3373(d)(2), 3374(a)(2)<br>18 U.S.C. § 2. |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

THE DEFENDANTS

1.     In late 2021 and early 2022, the Defendants CHAD MICHAEL KULOW, ANDREA

MAY MAJOR, and LAVOY LINTON EBORN, were hunting guides employed by a

properly licensed unnamed outfitter business owned and operated by an individual who is

a licensed outfitter, in the State of Idaho (collectively "the Licensed Outfitter").

**INDICTMENT - 1**

2.     The Licensed Outfitter was permitted by the Caribou-Targhee National Forest to provide commercial outfitting and guiding services on National Forest System land in southeast Idaho.

3.     In Idaho a licensed guide is only permitted to guide hunts or other regulated outfitting activities under the direct authorization and employment of a licensed outfitter.  Booking and payment for regulated outfitting activities, including guided hunts, must be done through the licensed outfitter.  Idaho state law prohibits third parties (including guides) from directly booking clients or accepting payment independently from the outfitter.

4.     KULOW, MAJOR, and EBORN each held Idaho guide licenses, which were only valid while guiding for the Licensed Outfitter.

5.     KULOW and MAJOR operated a social media page, calling their business LETHAL GUIDES AND OUTFITTERS. EBORN issued hunt contracts to clients bearing the business name E-N HUNTING SERVICES. Neither business entity was licensed by the state of Idaho, nor permitted by the U.S. Forest Service to provide outfitting and guiding services.

6.     During this time period KULOW and MAJOR were both residing in Ada County, Idaho. During this time period EBORN was residing in Bear Lake County, Idaho.

7.     KULOW, MAJOR, and EBORN accepted a combination of direct payments for guiding services, along with tips outside the Licensed Outfitter for numerous guided mountain lion hunts, resulting in the killing "take" of at least twelve (12) mountain lions in Idaho and Wyoming, which were transported to multiple states, and conspired to do the same.

**INDICTMENT - 2**

## RELEVANT FEDERAL LAWS AND REGULATIONS

8.     16 U.S.C. § 3372(a)(1) of the Lacey Act makes it unlawful for any person to transport, sell, receive, acquire, or purchase any wildlife taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States.

9.     16 U.S.C. § 3372(a)(2)(A) of the Lacey Act makes it unlawful for any person to transport, sell, receive, acquire, or purchase any wildlife taken, possessed, transported, or sold in violation of any law, of any state.

10.    16 U.S.C. § 3372 (c)(1) of the Lacey Act states it is deemed to be a sale of wildlife in violation of this chapter for a person for money or other consideration, to offer or provide guiding, outfitting or other services for the illegal taking, acquiring, receiving, transporting, or possessing of wildlife.

11.    16 U.S.C. § 3372(c)(2) of the Lacey Act states it is deemed to be a purchase of wildlife in violation of this chapter for a person to obtain for money or other consideration guiding, outfitting or other services for the illegal taking, acquiring, receiving, transporting, or possessing of wildlife.

12.    16 U.S.C. § 3372(d)(2) of the Lacey Act makes it unlawful for any person to make or submit any false record, account, or label for, or any false identification of, any fish, wildlife, or plant which has been, or is intended to be transported in interstate or foreign commerce.

13.    36 C.F.R. § 261.8(a) makes it unlawful, to the extent federal or state law is violated, to hunt on National Forest land.

INDICTMENT - 3

14.     <u>36 C.F.R. § 261.10(c)</u> makes it unlawful to sell or offer for sale any merchandise or conduct any kind of work activity or service on National Forest land, unless authorized by Federal law, regulation, or special-use authorization.

15.     <u>36 C.F.R. § 261.10(k)</u> makes it unlawful to use or occupy National Forest land or facilities without special-use authorization when such authorization is required.

16.     <u>36 C.F.R. § 261.10(l)</u> makes it unlawful to violate any term or condition of a special-use authorization, contract or approved operating plan.

<u>RELEVANT STATE LAWS AND REGULATIONS</u>

17.     <u>Idaho Code, Title 36, Chapter 21 § 36-2104 (1)</u> makes it unlawful for any person to engage in the business of or act in the capacity of an outfitter or outfitting, or in the occupation of guiding, unless such person has first secured an outfitter's or guide's license in accordance  with the provisions of this chapter, or for any person to knowingly and willingly conspire to violate the provisions of this chapter.

18.     <u>Idaho Code, Title 36, Chapter 14 § 36-1401(a) (2)(L)</u> states that any person who pleads guilty to or is found guilty of a violation of various provisions of the fish and game code or rules or proclamations promulgated pursuant thereto is guilty of an infraction, including provision or rule (L) for failure to comply with requirements for mandatory check for big game.

19.     <u>Idaho Administrative Code § 13.01.08.420</u> states that Any person killing black bear, moose, bighorn sheep, mountain goat, gray wolf, or mountain lion in a unit with no quota, must, within ten (10) days of the date of kill, or any person killing mountain lion in a unit with a quota, or a grizzly bear, must, within five (5) days of the date of kill, comply with the mandatory check and report requirements....

**INDICTMENT - 4**

## COUNT ONE
### Conspiracy
### 18 U.S.C § 371

20.   The allegations set forth in paragraphs 1 through 19 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

21.   Beginning on a date unknown to the Grand Jury, but no later than December 2, 2021, and continuing through at least April 1, 2022, in the District of Idaho and elsewhere, the Defendants LAVOY LINTON EBORN, CHAD MICHAEL KULOW, ANDREA MAY MAJOR, knowingly and willfully conspired and agreed with each other and others, both known and unknown to the Grand Jury, including Unindicted Client Hunters "UCH" #1 through #12 to commit offenses against the laws of the United States, to wit:

22.   To knowingly transport, sell, receive and acquire wildlife, to wit Mountain Lions (*Puma concolor*) with a market value exceeding $350, knowing that such wildlife was taken, possessed, transported, and sold  in violation of and in a manner unlawful under the laws and regulations of the United States, in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B), of the Lacey Act.

23.   To knowingly transport, sell, receive and acquire wildlife in interstate commerce, to wit, Mountain Lions (*Puma concolor*) with a market value exceeding $350, which were taken, possessed, transported, and sold in violation of and in a manner unlawful under the laws and regulations of the State of Idaho,  in violation of  16 U.S.C. §§ 3372(a)(2)(A), 3372(c)(1)(A), and 3373(d)(1)(B) of the Lacey Act.

24.   To knowingly make and submit any false record, account, and label for, and any false identification of, any fish, wildlife, or plant, with a market value exceeding $350, which

has been, or is intended to be, transported in interstate or foreign commerce, 16 U.S.C. § 3372(d)(2), 16 U.S.C. 3373(d)(3)(A)(ii) of the Lacey Act.

### ***Manner and Means***

25.   In furtherance of the conspiracy and to help accomplish its objects, the Defendants and their co-conspirators used the following manner and means, among others:

26.   Beginning on or about December 2, 2021, KULOW, MAJOR, and EBORN began unlawfully acting in the capacity of an outfitter by directly booking hunt clients and accepting payment, without an outfitting license and outside of and without the knowledge or consent of the Licensed Outfitter.

27.   KULOW and MAJOR operated a social media page, calling their business LETHAL GUIDES AND OUTFITTERS. EBORN issued hunt contracts to clients bearing the business name E-N HUNTING SERVICES. Neither business entity was licensed by the state of Idaho, nor permitted by the U.S. Forest Service to provide outfitting and guiding services.

28.   KULOW and EBORN accepted payments directly from clients, in exchange for outfitted and guided mountain lion hunts in Idaho and Wyoming. KULOW, MAJOR, and EBORN provided outfitting and guiding services to at least fourteen clients in Idaho, and two in Wyoming, between December 2, 2021, and January 28, 2022. These hunts resulted in the harvest of at least twelve mountain lions, transported to or within Idaho, Alaska, Montana, North Carolina, Wyoming, Texas, Utah, and elsewhere. In each instance clients booked and paid for the services of KULOW, MAJOR, and EBORN outside the Licensed Outfitter, and without the knowledge or consent of the Licensed Outfitter.

### *Overt Acts*

29.     On or about the following dates, in furtherance of the conspiracy and to accomplish the objects of the conspiracy, LAVOY LINTON EBORN, CHAD MICHAEL KULOW, ANDREA MAY MAJOR, the Defendants, and others known and unknown to the Grand Jury, committed various overt acts within the Districts of Idaho, Utah, Wyoming, and elsewhere, including, but not limited to, the following:

30.     On or about an unknown date, no later than November 30, 2021, KULOW, MAJOR, EBORN, and another unindicted co-conspirator "Unindicted Co-Conspirator 1," agreed to participate in guiding individuals for a group of at least five hunters, including (Unindicted Client Hunter "UCH" #1), on simultaneous mountain lion hunts in Idaho and Wyoming, for sums ranging from $6,000 to $6,500 per hunter. These arrangements were made directly with KULOW and EBORN, without the knowledge or consent of the Licensed Outfitter.

31.     Beginning on or about December 1, 2021, and continuing through at least December 2, 2021, KULOW and Unindicted Co-Conspirator 1 provided outfitting and guiding services for UCH#1 for a mountain lion hunt on the Bridger-Teton National Forest, in Lincoln County, WY. EBORN and MAJOR simultaneously provided outfitting and guiding services for additional hunters in Idaho. On or about December 2, 2021, UCH#1 harvested a mountain lion on the Bridger-Teton National Forest, in Lincoln County, WY, guided by KULOW and Unindicted Co-Conspirator 1. The remaining hunters were unsuccessful.

32.     On or about December 2, 2021, KULOW transported the mountain lion killed by UCH#1 from Wyoming to a vacation rental property near Bear Lake in Utah.

33.     On or about December 3, 2021, KULOW and UCH#1 transported the lion harvested by UCH#1 from Utah, to Wyoming, where it was presented to a Wyoming Game and Fish Warden for mandatory inspection, and completion of the required Wyoming Mountain Lion Mortality Form.

34.     On or about December 3, 2021, KULOW and UCH#1 presented the lion to Wyoming Game and Fish for mandatory inspection. KULOW instructed UCH#1 to tell the Warden the hunt was not guided. The line on the Wyoming Game and Fish form which asked "Was a guide/ outfitter used (Y/N)" was marked "N" for no. The form was signed by UCH#1.

35.     On or about November 14, 2021, KULOW agreed to provide UCH#2 a guided mountain lion hunt in Idaho. In-lieu of monetary payment for the guided hunt, UCH#2 agreed to take KULOW on a bear hunt in the state of Maine on a later date; along with referral of two additional paying clients, identified herein as UCH#3 and UCH#4.

36.     On or about December 9, 2021, KULOW and EBORN provided outfitting and guiding services to UCH#2 on the Caribou-Targhee National Forest in Bear Lake County, Idaho, resulting in the harvest of a mountain lion. The lion was later transported off National Forest land following the kill.

37.     On or about December 9, 2021, the lion killed by UCH#2 was presented to Idaho Fish and Game for completion of the mandatory Big Game Mortality Report.  The report

indicated the hunt was outfitted by the Licensed Outfitter, when the Licensed Outfitter did not arrange the booking, negotiate the terms, accept payment, or authorize the hunt.

38.    On or about November 14, 2021, KULOW agreed to provide UCH#3 a guided mountain lion hunt in Idaho, in exchange for approximately $5,500. Payment was delivered to KULOW through Venmo in three transactions, dated November 14, 2021- $2,500, November 14, 2021- $1,500, and December 8, 2021- $1,500.  UCH#3 was referred to KULOW's services by UCH#2. On or about December 16, 2021, a $50 tip was transferred from KULOW to EBORN, through Venmo.

39.    On or about December 10, 2021, on Caribou-Targhee National Forest land, in Bear Lake County, Idaho, KULOW and EBORN provided outfitting and guiding services to UCH#3, resulting in the harvest of a mountain lion. The lion was transported off National Forest land following the kill.

40.    On or about December 12, 2021, the lion killed by UCH#3 was presented to Idaho Fish and Game for completion of the mandatory Big Game Mortality Report. The report indicated the hunt was outfitted by the Licensed Outfitter, when the Licensed Outfitter did not arrange the booking, negotiate the terms, nor accept payment.

41.    On an unknown date, but no later than December 10, 2021, KULOW agreed to provide UCH#4 a guided mountain lion hunt in Idaho. A contract was signed by UCH#4 after his arrival in Idaho, dated December 10, 2021. The contract bore markings of the parent company of the Licensed Outfitter, with handwritten initials at the bottom, "LE", consistent with LAVOY EBORN. the Licensed Outfitter did not arrange the booking, negotiate the terms, nor accept payment.

42.    On or about November 10, 2021, Kulow received a $4,000 transfer by Venmo, in exchange for the UCH#4 lion hunt.

43.    On or about December 11, 2021, on Caribou-Targhee National Forest land, in Bear Lake County, Idaho, EBORN and KULOW provided outfitting and guiding services for UCH#4, leading to the harvest of a mountain lion. The lion was transported off National Forest land following the kill.

44.    On or about December 12, 2021, the lion killed by UCH#4 was presented to Idaho Fish and Game for completion of the mandatory Big Game Mortality Report. The report indicated the hunt was outfitted by the Licensed Outfitter, when the Licensed Outfitter did not arrange the booking, negotiate the terms, nor accept payment.

45.    Beginning on or about December 10, 2021, and continuing through December 14, 2021, KULOW, MAJOR, and EBORN provided outfitting and guiding services in southeast Idaho for UCH#5 and UCH#6, a couple from Texas. On or about this date range, each hunter harvested one mountain lion. KULOW, MAJOR, and EBORN provided guiding services the day UCH#5 harvested his lion. KULOW and MAJOR provided guiding services, without EBORN, the day UCH#6 harvested her lion. the Licensed Outfitter did not arrange the booking, negotiate the terms, nor accept payment.

46.    On or about an unknown date, no earlier than January 10, 2022, unknown co-conspirators shipped the two mountain lions killed by UCH#5 and UCH#6, to a taxidermist in Bonham, TX. The lions were shipped without being presented to Idaho Fish and Game for the mandatory check and Big Game Mortality Report, in violation of Idaho State Law, Administrative Code 13.01.08.420.

**INDICTMENT - 10**

47.    On or about an unknown date, no later than December 12, 2021, EBORN agreed to provide UCH#7 a guided mountain lion hunt in Idaho. EBORN negotiated with UCH#7's father a price of $6,000 for a guided mountain lion hunt with UCH#7.

48.    On or about an unknown date, no later than December 12, 2021, EBORN received $6,000 directly from the father of UCH#7, to provide outfitting and guiding services for UCH#7 on an Idaho mountain lion hunt. The payment was made directly to EBORN. Neither UCH#7, nor his father, had contact with the Licensed Outfitter.

49.    On or about December 12, 2021, on Caribou-Targhee National Forest land, in Bear Lake County, Idaho, EBORN and KULOW provided outfitting and guiding services for UCH#7, leading to the harvest of a mountain lion. The lion was transported off National Forest land following the kill.

50.    On or about December 12, 2021, EBORN presented the lion killed by UCH#7 to Idaho Fish and Game for completion of the mandatory Big Game Mortality Report. The report indicated the hunt was outfitted by the Licensed Outfitter, when the Licensed Outfitter did not arrange the booking, negotiate the terms, nor accept payment.

51.    On or about an unknown date, no earlier than December 12, 2021, unknown co-conspirator(s) shipped the mountain lion harvested by UCH#7, to a taxidermist in Granite Quarry, NC.

52.    Beginning on or about January 6, 2021, and continuing through January 6, 2022, EBORN made arrangements with, and agreed to provide an outfitted and guided mountain lion hunt in Idaho for UCH#8.

53.    On or about April 15, 2021, EBORN received $3,000 through Venmo to provide outfitting and guiding services to UCH#8 for a mountain lion hunt. the Licensed Outfitter did not arrange the booking, negotiate the terms, nor accept payment.

54.    On or about January 6, 2022, on Caribou-Targhee National Forest land, in Bear Lake County, Idaho, KULOW, MAJOR, and EBORN provided outfitting and guiding services for UCH#8, leading to the harvest of a mountain lion. The lion was transported off National Forest land following the kill.

55.    On or about January 7, 2022, the lion killed by UCH#8 was presented to Idaho Fish and Game for completion of the mandatory Big Game Mortality Report. The report indicated the hunt was outfitted by the Licensed Outfitter, when the Licensed Outfitter did not arrange the booking, negotiate the terms, nor accept payment.

56.    On or about an unknown date, no earlier than January 7, 2022, UCH#8 transported the mountain lion killed during the January 7, 2022, guided hunt, to a taxidermist in St. George, UT.

57.    On or about an unknown date, no later than December 31, 2021, KULOW and MAJOR agreed to provide outfitting and guiding services to UCH#9, for an Idaho mountain lion hunt.

58.    On or about December 31, 2021, KULOW received $3,750 through Venmo for upcoming guiding services for UCH#9. The Licensed Outfitter did not arrange the booking, negotiate the terms, nor accept payment.

59.    On or about January 7, 2022, KULOW received an additional $3,750 through Venmo for upcoming guiding services for UCH#9. The Licensed Outfitter did not arrange the booking, negotiate the terms, nor accept payment.

60.    On or about January 10, 2022, on Caribou-Targhee National Forest land, in Bear Lake County, Idaho, KULOW and MAJOR provided outfitting and guiding services for UCH#9, leading to the harvest of a mountain lion. The lion was transported off National Forest land following the kill.

61.    On or about January 24, 2022, KULOW received $313.85 through Venmo for shipping a mountain lion killed by UCH#9.

62.    On or about an unknown date, no earlier than January 10, 2022, an unknown co-conspirator(s) shipped the mountain lion killed by UCH#9 to a taxidermist in Bonham, TX. The lion was shipped without being presented to Idaho Fish and Game for the mandatory check and Big Game Mortality Report, in violation of Idaho State Law, Administrative Code 13.01.08.420.

63.    Beginning on or about October 5, 2021, and continuing through at least January 21, 2022, EBORN communicated with UCH#10 and agreed to provide outfitting and guiding services for an Idaho mountain lion hunt. EBORN guaranteed UCH#10 the successful harvest of a lion.

64.    On or about an unknown date in January or February 2021, EBORN received $5,000 from UCH#10, by check made out to E-N Hunting Services LLC, Booking Agent, in exchange for upcoming outfitting and guiding services. The Licensed Outfitter did not arrange the booking, negotiate the terms, nor accept payment.

**INDICTMENT** - 13

65. Beginning on or about December 4, 2021, and continuing through on or about December 8, 2021, EBORN provided outfitting and guiding services to UCH#10 in Idaho without a successful mountain lion harvest.

66. On or about January 21, 2022, EBORN provided outfitting and guiding services to UCH#10 on the Caribou-Targhee National Forest, in Bear Lake County, Idaho, resulting in the harvest of a mountain lion. The lion was transported off National Forest land following the kill.

67. Beginning on or about October 17, 2021, and continuing through on or about January 28, 2022, KULOW and MAJOR agreed to provided outfitting and guiding services to UCH#11(father), and UCH#12 (minor daughter), for two mountain lion hunts in Idaho. The Licensed Outfitter did not arrange the booking, negotiate the terms, nor accept payment.

68. On or about an unknown date, no later than January 28, 2022, KULOW and MAJOR were paid $6,500 by UCH#11 in exchange for upcoming outfitting and guiding services on Idaho mountain lion hunts.

69. On or about January 26, 2022, KULOW and MAJOR provided outfitting and guiding services for UCH#12, resulting in the harvest of a mountain lion in Dry Canyon, in Caribou County, Idaho.

70. On or about January 28, 2022, KULOW and MAJOR provided outfitting and guiding services for UCH#11, resulting in the harvest of a mountain lion in Bloomington Canyon, in Bear Lake County, Idaho.

71.   On or about February 4, 2022, KULOW presented the mountain lions harvested by UCH#11 and UCH#12 to Idaho Fish and Game for the mandatory Big Game Mortality Report inspections. The lions were presented to an Idaho Fish and Game Officer located in Burley, Idaho, approximately 180 miles from Paris, Idaho, where the other lions detailed in this indictment were presented for inspection. The Big Game Mortality Report section requiring disclosure of whether the hunt was outfitted, was left blank.

72.   On or about an unknown date, no earlier than February 4, 2022, KULOW shipped the two lions harvested by UCH#11 and UCH#12, to a taxidermist in Libby, Montana.

73.   On or about January 11, 2022, unknown co-conspirators, shipped or otherwise delivered at least five mountain lions harvested by Idaho clients UCH#2, UCH#3, UCH#4, UCH#10, and Wyoming client UCH#1, to a taxidermist in Carmen, Idaho. On or about May 1, 2022, the taxidermist in Carmen, ID shipped the aforementioned five mountain lions to a tannery in Great Falls, MT, for tanning and hide preservation, prior to completing the taxidermy mounts. On or about July 21, 2023, the taxidermist in Carmen, ID received return shipment of the aforementioned five mountain lions from the tannery in Great Falls, MT.

74.   In April 2022, KULOW attempted to pay the Licensed Outfitter $12,500, after the Licensed Outfitter learned of the unsanctioned outfitting and guiding activities by KULOW, MAJOR, and EBORN.

**INDICTMENT** - 15

## COUNT TWO
### Lacey Act Violation
**16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B) and 18 U.S.C. § 2**

75.    The allegations set forth in paragraphs 1 through 8, 10, and 12 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

76.    On or about December 1, 2021, and continuing through January 11, 2022, in the District of Idaho and elsewhere, the Defendant, CHAD MICHAEL KULOW, and Uncharged Co-conspirator 1, and UCH#1, did transport, sell, receive or acquire wildlife, to wit, one (1) mountain lion (*Puma concolor*), which was taken, possessed, sold, or transported in violation of the law of the United States, with a market value exceeding $350, which CHAD MICHAEL KULOW, knew was taken, possessed, transported, or sold in violation of and in a manner unlawful under the laws and regulations of the United States, specifically, 36 C.F.R. § 261.10(c), 261.10(k), 261.8(a), and 261.10(l), and aided and abetted the same, all in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B) of the Lacey Act, and 18 U.S.C. § 2.

## COUNT THREE
### Lacey Act Violation
**16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B) and 18 U.S.C. § 2**

77.    The allegations set forth in paragraphs 1 through 8, 10 and 12 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

78.    On or about December 9, 2021, in the District of Idaho, the Defendants, CHAD MICHAEL KULOW, LAVOY LINTON EBORN, and UCH#2, did transport, sell, receive or acquire wildlife, to wit, one (1) mountain lion (*Puma concolor*), which was taken, possessed, sold, or transported in violation of the law of the United States, with a market value exceeding $350, which CHAD MICHAEL KULOW and LAVOY LINTON

EBORN knew was taken, possessed, transported, or sold in violation of and in a manner unlawful under the laws and regulations of the United States, specifically, 36 C.F.R. § 261.10(c), 261.10(k), 261.8(a), and 261.10(l), and aided and abetted the same, all in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B) of the Lacey Act, and 18 U.S.C. § 2.

**COUNT FOUR**
**Lacey Act Violation**
**16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B) and 18 U.S.C. § 2**

79. The allegations set forth in paragraphs 1 through 8, 10, and 12 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

80. On or about December 10, 2021, in the District of Idaho, the Defendants, CHAD MICHAEL KULOW, LAVOY LINTON EBORN, and UCH#3, did transport, sell, receive or acquire wildlife, to wit, one (1) mountain lion (*Puma concolor*), which was taken, possessed, sold, or transported in violation of the law of the United States, with a market value exceeding $350, which CHAD MICHAEL KULOW and LAVOY LINTON EBORN knew was taken, possessed, transported, or sold in violation of and in a manner unlawful under the laws and regulations of the United States, specifically, 36 C.F.R. § 261.10(c), 261.10(k), 261.8(a), and 261.10(l), and aided and abetted the same, all in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B) of the Lacey Act, and 18 U.S.C. § 2.

**COUNT FIVE**
**Lacey Act Violation**
**16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B) and 18 U.S.C. § 2**

81. The allegations set forth in paragraphs 1 through 8, 10 and 12 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

INDICTMENT - 17

82.    On or about December 11, 2021, in the District of Idaho, the defendants, CHAD

MICHAEL KULOW, LAVOY LINTON EBORN, and UCH#4, did transport, sell,

receive or acquire wildlife, to wit, one (1) mountain lion (*Puma concolor*), which was

taken, possessed, sold, or transported in violation of the law of the United States, with a

market value exceeding $350, which CHAD MICHAEL KULOW and LAVOY LINTON

EBORN knew was taken, possessed, transported, or sold in violation of and in a manner

unlawful under the laws and regulations of the United States, specifically, 36 C.F.R. §

261.10(c), 261.10(k), 261.8(a), and 261.10(l), and aided and abetted the same, all in

violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B) of the Lacey Act, and 18 U.S.C.

§ 2.

## COUNT SIX
### Lacey Act Violation
### 16 U.S.C. §§ 3372(a)(2)(a), 3373(d)(1)(B) and 18 U.S.C. § 2

83.    The allegations set forth in paragraphs 1 through 7, 9 through 11, and 17 through 19 of

this Indictment are realleged and incorporated by reference as though fully set forth

herein.

84.    On or about December 10, 2021, and continuing through January 10, 2022, in the District

of Idaho and elsewhere, the defendants, CHAD MICHAEL KULOW, LAVOY LINTON

EBORN, ANDREA MAY MAJOR, and UCH#5, did transport, sell, receive, or acquire

wildlife in interstate commerce, to wit, one (1) mountain lion (*Puma concolor*), which

was taken, possessed, sold, or transported in violation of the law of the State of Idaho,

with a market value exceeding $350, which CHAD MICHAEL KULOW and LAVOY

LINTON EBORN, ANDREA MAY MAJOR knew was taken, possessed, transported, or

sold in violation of and in a manner unlawful under the laws and regulations of the state

of Idaho, specifically, Idaho Fish and Game Code 36-2104, Idaho Administrative Code

13.01.08.420, all in violation of 16 U.S.C. §§ 3372(a)(2)(a) and 3373(d)(1)(B) of the

Lacey Act, and 18 U.S.C. § 2.

### COUNT SEVEN
**Lacey Act Violation**
**16 U.S.C. §§ 3372(a)(2)(a), 3373(d)(1)(B) and 18 U.S.C. § 2**

85.    The allegations set forth in paragraphs 1 through 7, 9 through 11, and 17 through 19 of

this Indictment are realleged and incorporated by reference as though fully set forth

herein.

86.    On or about December 10, 2021, and continuing through January 10, 2022, in the District

of Idaho and elsewhere, the defendants, CHAD MICHAEL KULOW, ANDREA MAY

MAJOR, and UCH#6, did transport, sell, receive, or acquire wildlife in interstate

commerce, to wit, one (1) mountain lion (*Puma concolor*), which was taken, possessed,

sold, or transported in violation of the law of the State of Idaho, with a market value

exceeding $350, which CHAD MICHAEL KULOW and ANDREA MAY MAJOR knew

was taken, possessed, transported, or sold in violation of and in a manner unlawful under

the laws and regulations of the state of Idaho, specifically, Idaho Fish and Game Code

36-2104, Idaho Administrative Code 13.01.08.420, all in violation of 16 U.S.C. §§

3372(a)(2)(a) and 3373(d)(1)(B) of the Lacey Act, and 18 U.S.C. § 2.

### COUNT EIGHT
**Lacey Act Violation**
**16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B) and 18 U.S.C. § 2**

87.    The allegations set forth in paragraphs 1 through 8, 10 and 12 through 16 of this

Indictment are realleged and incorporated by reference as though fully set forth herein.

88.     On or about December 12, 2021, in the District of Idaho, the defendants, CHAD

MICHAEL KULOW, LAVOY LINTON EBORN, and UCH#7, did transport, sell,

receive or acquire wildlife, to wit, one (1) mountain lion (*Puma concolor*), which was

taken, possessed, sold, or transported in violation of the law of the United States, with a

market value exceeding $350, which CHAD MICHAEL KULOW and LAVOY LINTON

EBORN knew was taken, possessed, transported, or sold in violation of and in a manner

unlawful under the laws and regulations of the United States, specifically, 36 C.F.R. §

261.10(c), 261.10(k), 261.8(a), and 261.10(l), and aided and abetted the same, all in

violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B) of the Lacey Act, and 18 U.S.C.

§ 2.

## COUNT NINE
### Lacey Act Violation
### 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B) and 18 U.S.C. § 2

89.     The allegations set forth in paragraphs 1 through 8, 10 and 12 through 16 of this

Indictment are realleged and incorporated by reference as though fully set forth herein.

90.     On or about December 11, 2021, in the District of Idaho, the defendants, CHAD

MICHAEL KULOW, ANDREA MAY MAJOR, LAVOY LINTON EBORN, and

UCH#8, did transport, sell, receive or acquire wildlife, to wit, one (1) mountain lion

(*Puma concolor*), which was taken, possessed, sold, or transported in violation of the law

of the United States, with a market value exceeding $350, which CHAD MICHAEL

KULOW, ANDREA MAY MAJOR, and LAVOY LINTON EBORN knew was taken,

possessed, transported, or sold in violation of and in a manner unlawful under the laws

and regulations of the United States, specifically, 36 C.F.R. § 261.10(c), 261.10(k),

261.8(a), and 261.10(l), and aided and abetted the same, all in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B) of the Lacey Act, and 18 U.S.C. § 2.

**COUNT TEN**
**Lacey Act Violation**
**16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B) and 18 U.S.C. § 2**

91.   The allegations set forth in paragraphs 1 through 8, 10 and 12 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

92.   On or about January 10, 2022, in the District of Idaho, the defendants, CHAD MICHAEL KULOW, ANDREA MAY MAJOR, and UCH#9, did transport, sell, receive or acquire wildlife, to wit, one (1) mountain lion (*Puma concolor*), which was taken, possessed, sold, or transported in violation of the law of the United States, with a market value exceeding $350, which CHAD MICHAEL KULOW, and ANDREA MAY MAJOR knew was taken, possessed, transported, or sold in violation of and in a manner unlawful under the laws and regulations of the of the United States, specifically, 36 C.F.R. § 261.10(c), 261.10(k), 261.8(a), and 261.10(l), and aided and abetted the same, all in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B) of the Lacey Act, and 18 U.S.C. § 2.

**COUNT ELEVEN**
**Lacey Act Violation**
**16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B) and 18 U.S.C. § 2**

93.   The allegations set forth in paragraphs 1 through 8, 10 and 12 through 16 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

94.   On or about December 4, 2021, and continuing on or about January 21, 2022, in the District of Idaho, the defendants, LAVOY LINTON EBORN, and UCH#10, did

transport, sell, receive or acquire wildlife, to wit, one (1) mountain lion (*Puma concolor*),

which was taken, possessed, sold, or transported in violation of the law of the United

States, with a market value exceeding $350, which LAVOY LINTON EBORN knew was

taken, possessed, transported, or sold in violation of and in a manner unlawful under the

laws and regulations of the United States, specifically, 36 C.F.R. § 261.10(c), 261.10(k),

261.8(a), and 261.10(l), and aided and abetted the same, all in violation of 16 U.S.C. §§

3372(a)(1) and 3373(d)(1)(B) of the Lacey Act, and 18 U.S.C. § 2.

**COUNT TWELVE**
**Lacey Act Violation**
**16 U.S.C. §§ 3372 (a)(2)(a) and 3373(d)(1)(B) and 18 U.S.C. § 2**

95.    The allegations set forth in paragraphs 1 through 7, 9 through 11, and 17 through 19 of

this Indictment are realleged and incorporated by reference as though fully set forth

herein.

96.    On or about January 26, 2022, and continuing through at least on or about February 4,

2022, in the District of Idaho, the defendants, CHAD MICHAEL KULOW, ANDREA

MAY MAJOR, and UCH#12, did transport, sell, receive, or acquire wildlife in interstate

commerce, to wit, one (1) mountain lion (*Puma concolor*), killed by UCH#12, which was

taken, possessed, sold, or transported in violation of the law of the State of Idaho, with a

market value exceeding $350, which CHAD MICHAEL KULOW and ANDREA MAY

MAJOR knew was taken, possessed, transported, or sold in violation of and in a manner

unlawful under the laws and regulations of the state of Idaho, specifically, Idaho Fish and

Game Code 36-2104, all in violation of 16 U.S.C. §§ 3372(a)(2)(a) and 3373(d)(1)(B) of

the Lacey Act, and 18 U.S.C. § 2.

**COUNT THIRTEEN**
**Lacey Act Violation**
**16 U.S.C. §§ 3372 (a)(2)(a) and 3373(d)(1)(B) and 18 U.S.C. § 2**

97.     The allegations set forth in paragraphs 1 through 7, 9 through 11, and 17 through 19 of

this Indictment are realleged and incorporated by reference as though fully set forth

herein.

98.     On or about January 28, 2022, and continuing through at least on or about February 4,

2022, in the District of Idaho, the defendants, CHAD MICHAEL KULOW, ANDREA

MAY MAJOR, and UCH#11, did transport, sell, receive, or acquire wildlife in interstate

commerce, to wit, one (1) mountain lion (*Puma concolor*), killed by UCH#11, which was

taken, possessed, sold, or transported in violation of the law of the State of Idaho, with a

market value exceeding $350, which CHAD MICHAEL KULOW and ANDREA MAY

MAJOR knew was taken, possessed, transported, or sold in violation of and in a manner

unlawful under the laws and regulations of the state of Idaho, specifically, Idaho Fish and

Game Code 36-2104, all in violation of 16 U.S.C. §§ 3372(a)(2)(a) and 3373(d)(1)(B) of

the Lacey Act, and 18 U.S.C. § 2.

**FORFEITURE ALLEGATIONS**

**18 U.S.C. § 981(a)(1)(C), 16 U.S.C. § 3374(a) and 28 U.S.C. § 2461(c)**

1.      The allegations contained above in Counts 1 through 13 of the Indictment are hereby re-

alleged and incorporated by reference herein.

2.      Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedures, notice is hereby given

to the defendants that the United States will seek forfeiture as part of any sentence in

accordance with 28 U.S.C. § 2461(c), 18 U.S.C. § 981(a)(1)(C), and 16 U.S.C. § 3374, in

the event of the defendants' conviction under any of Counts One through Thirteen of this Indictment, in violation of 18 U.S.C. § 371 and 16 U.S.C. §§ 3372 and 3373(d)(l) and (3).

3.      As such, all wildlife bred, possessed, imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of section 3372 of Title 16 is subject to forfeiture to the United States notwithstanding any culpability requirements for civil penalty assessment or criminal prosecution included in section 3373 of Title 16.  In addition, all vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of fish or wildlife or plants in a criminal violation of chapter 53 of Title 16 of the United States Code may be subject to forfeiture.  Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the conspiracy count is subject to forfeiture.

4.      As a result of the offenses charged in the Indictment, **the Defendants** shall forfeit to the United States any and all vessels, vehicles, and other equipment used to aid in the transporting, selling, receiving, acquiring, or purchasing of wildlife in violation of 16 U.S.C.§§ 3372(a) and (d)(2), and 3373(d)(l)(B) and (d)(3), including, but not limited to the following:

    a.      2018 Toyota Tacoma truck, white in color, Vehicle Identification number: 5TFCZ5AN2JX155667, Idaho license plate# 0275CE, with installed, rear mounted, hound box.

### *Substitute Assets*

4.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of any of the defendants:

    a.      cannot be located upon the exercise of due diligence;

**INDICTMENT** - 24

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without

difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to

seek forfeiture of any other property of said defendants up to the value of the

property charged with forfeiture.

Dated this August 27, 2024

A TRUE BILL

*/s/ [signature on reverse]*
_____
FOREPERSON

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

_____
JUSTIN K. PASKETT
ASSISTANT UNITED STATES ATTORNEY

INDICTMENT - 25