UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAVOY LINTON EBORN,<br><br>Defendant. | Case No. 4:24-cr-00200-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant Lavoy Eborn's Motion to Dismiss Counts 3, 4, 5, 6, 8, 9, and 11 (Dkt. 64). For the reasons explained below, the Court will deny the motion.

### BACKGROUND

Mr. Eborn and his two codefendants, Chad Kulow and Andrea Major, face charges stemming from a series of mountain lion hunts. All three defendants were licensed hunting guides working for licensed outfitters, but they allegedly acted outside the scope of their employment in violation of Idaho law. According to the indictment, Mr. Eborn issued hunt contracts to clients without his outfitter's knowledge or supervision under the auspices of an unlicensed business called E-N Hunting Services. These allegedly unlawful hunts resulted in the killing of at least

ORDER - 1

twelve mountain lions in Idaho and Wyoming, and the carcasses were then transported to other states. Mr. Eborn faces one count of Conspiracy and seven counts of Lacey Act violation. He now moves to dismiss the Lacey Act charges.

## LEGAL STANDARD

Rule 12 of the Federal Rules of Criminal Procedure authorizes a defendant to move to dismiss an indictment for a variety of reasons, including a lack of specificity and failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(iii), (v). On a motion to dismiss for failure to state an offense, "the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). This is a purely legal question, and the court must accept all factual allegations as true. *Id.*

When a defendant seeks to dismiss an indictment for lack of specificity, the Court reviews the indictment "in its entirety" and with "common sense and practicality." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) The test is not "whether the indictment could have been framed in a more satisfactory manner," but "whether it conforms to the *minimal* constitutional standards." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009). An indictment meets constitutional and procedural muster if it "states the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which

ORDER - 2

he must defend and enable him to plead double jeopardy." *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000).

## ANALYSIS

The Lacey Act makes it unlawful for any person "to import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken or possessed in violation of any law, treaty, or regulation of the United States or in violation of any Indian tribal law." 16 U.S.C. § 3372(a)(1). This is a two-step inquiry: (1) the wildlife is illegally taken, and (2) the defendant does something to the illegally taken wildlife. *United States v. Carpenter*, 933 F.2d 748, 750 (9th Cir. 1991). Mr. Eborn's motion focuses primarily on the first prong of the analysis, arguing that the Indictment misstates Idaho law and therefore fails to allege that the mountain lions were unlawfully taken. The Court considered and rejected a similar theory asserted months ago by Mr. Eborn's codefendant. *See* Dkt. 55. This new iteration likewise fails to persuade.

In Idaho, a hunting guide must obtain a license and work under the supervision of a licensed outfitter. Idaho statute makes this relationship explicit: "'Guide' is any natural person who is employed by a licensed outfitter to furnish personal services for the conduct of outdoor recreational activities directly related to the conduct of activities for which the employing outfitter is licensed." Idaho Code § 36-2102(c). A licensed outfitter, in turn, is any person who "(1) advertises

or otherwise holds himself out to the public for hire; (2) provides facilities and services for consideration; and (3) maintains, leases, or otherwise uses equipment or accommodations for compensation for the conduct of [covered recreational activities]." *Id.* § 36-2102(b). Idaho regulations further clarify that "[a] guide license is valid only while the guide is under the employment of an Idaho licensed outfitter" and that a guide must act "in the scope of employment." Idaho Admin Code r. 24.35.01.103.03, 24.35.01.201.

    Mr. Eborn argues that the Indictment materially mischaracterizes the law by stating that "a licensed guide is only permitted to guide hunts or other regulated outfitting activities under the *direct authorization and employment* of a licensed outfitter." Dkt. 2 ¶ 3 (emphasis added). This language, he says, is an "executive fiat" that not only narrows the statute but amounts to prosecutorial misconduct. He also objects to the Indictment's representation that "[b]ooking and payment for regulated outfitting activities, including guided hunts, must be done through the licensed outfitter." *Id.* In his reading, the Indictment alleges no real wrong-doing because he had a guide license and worked for a licensed outfitter, albeit without "direct authorization" for the hunts charged in the Indictment.

    Mr. Eborn's characterization of the statutory framework strains credulity, and his reading of the Indictment stretches its language nearly to breaking-point. The Indictment provides an accurate explanation of a complex legal scheme. The

reference to "direct authorization or employment" reasonably sums up the requirement that a guide must be both employed by an outfitter and acting within the scope of employment. *See* Idaho Admin Code r. 24.35.01.103.03, 24.35.01.201. The reference to booking and payment reflects Idaho's definition of an outfitter—not a guide—as one who "hold himself out to the public for hire," provides "services for consideration," and "uses equipment or accommodations for compensation." Idaho Code § 36-2102(b). Whether "direct authorization" represents the best possible phrasing of the applicable law is something to quibble about when crafting jury instructions, not a basis for dismissing the charges. And to the extent that Mr. Eborn alleges that the charged hunts did in fact take place under an outfitter's authorization, that is a question for the jury.

Mr. Eborn's other complaints are mostly factual disputes inappropriate for a motion to dismiss. He claims that Count 11 was a personal hunt not conducted for consideration and that he complied with the state reporting requirements identified as part of the violation in Count 6. These are determinations for the jury. At this stage, accepting the facts alleged in the Indictment as true, the Government has properly brought each Lacey Act count against Mr. Eborn.

The Indictment is also sufficiently specific. It includes extensive details, such as dates of hunts and information about payments. This is enough to apprise Mr. Eborn of the charges against him, enable him to prepare an effective defense,

Order - 5

and allow him to mount a claim of double jeopardy should these same allegations be used as the basis for subsequent charges.

In short, there is no reason to dismiss the charges against Mr. Eborn, and there is certainly no basis for his inflammatory allegations of prosecutorial misconduct.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Counts 3, 4, 5, 6, 8, 9, and 11 (Dkt. 64) is **DENIED**.



DATED: November 20, 2025

_____
B. Lynn Winmill
U.S. District Court Judge